Manuel Morales LOPEZ; Graciela Cruz Cruz, Petitioners,

v.

Michael B. MUKASEY,\* Attorney General, Respondent.

No. 06–73547.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.\*\*

Filed Dec. 28, 2007.

Robert F. Jacobs, Esq., for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John G. Amaya, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM \*\*\*

Manuel Morales Lopez and his wife Graciela Cruz Cruz seek review of an order of

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") order denying their applications for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that petitioners' failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

Petitioners' contention that the agency deprived them of due process by misapplying the law to the facts of their case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed). Petitioners' contention that the agency violated their due process rights by disregarding their evidence of hardship also does not amount to a colorable constitutional claim. *See Martinez–Rosas*, 424 F.3d at 930.

Contrary to petitioners' contention, the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004–1006 (9th Cir.2003).

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**MEMORANDUM \*\*\***

---

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provid-